## Olinger v. Burrell Joint School District

*James R. Kelley* and *Robert M. Stefanon*, for petitioners.

*A. Frank Steiner*, for county superintendent of public schools.

*Joseph K. Bonidy*, for school district.

KEIM, J., November 15, 1965.—This matter is before the court en banc on petition, raising question of jurisdiction to petition for rule to show cause why the interim operating committee selected by the Burrell Joint School District Convention on May 11, 1965, to serve as directors for the Burrell School District, should not be set aside.

The attorneys for petitioners and respondent filed the following stipulation: "That the immediate issue is a question of jurisdiction which has been raised by preliminary objections by attorney. . . ." On May 11, 1965, the Westmoreland County Superintendent of Schools, Eugene M. McKelvey, one of the defendants, called into convention the incumbent school directors of the Burrell Joint School District for the purpose of selecting an interim operating committee to serve as directors for the Burrell School District, in accordance with the School District Reorganization Act of August 8, 1963, P. L. 564, sec. 3, 24 PS §2-297 and sec. 5, 24 PS §3-303.1.

It is the contention of petitioners that the convention did not take into consideration the principle of proportionate representation according to population, as provided in section 3-303.1 of the Public School Code; thus, the petition and question as to jurisdiction.

Respondent, in raising the question of jurisdiction relies on a portion of section 303.1, 24 PS §3-303.1, which provides, inter alia, as follows:

"The decision of the convention in selecting the interim operating committee shall be final".

We have reviewed the brief of petitioner, and heartily agree with the statement that "No issue is more elementary in the law than that of the jurisdiction of the Court"; and here we part. Article X, sec. 1, of the Constitution provides:

"The General Assembly shall provide for the maintenance and support of a thorough and efficient system

of public schools wherein all the children of this Commonwealth above the age of six years may be educated, and shall appropriate at least One Million Dollars each year for that purpose".

From time to time subsequent thereto, the General Assembly has passed many laws pertaining to the creation and operation of our public schools. After many years of experience, surveys and studies by various commissions, not to mention the expense, the General Assembly passed the act known as the Public School Code of 1949. This act has been constantly amended, in order to meet the challenges of the school system up to the present time after receiving recommendations of the various commissions.

We have no crystal ball or magic telepathy which permits us to delve into the minds of the legislators at the time this particular section was passed, but a review of the Public School Code of March 10, 1949, P. L. 30, as amended, indicates that where an appeal was intended by the legislature, it so provided a procedure to follow. A preceding section to the one at issue, section 2-295, pertaining to Department of Public Instruction to prepare plans, provides for an appeal to the State Board of Education. Many other sections of the code provide for an appeal, and the following are only a few:

1. Eminent Domain, Exceptions and Appeals, section 727.

2. Teachers Tenure, Appeal to Court, section 1132.

3. Appeals from Auditors of School District, section 2451.

4. Annexations, section 275.

5. Appeals, Penalties pertaining to Compulsory Attendance, section 1333.

6. District Superintendents Appeals, section 1072.

7. Teachers Certificate Appeals, section 1227.

8. Tuition and Enforcement, section 71038.

The jurisdiction of the courts of common pleas is

stated in the Act of June 16, 1836, P. L. 784, sec. 12, 17 PS §251, as follows:

"The Courts of Common Pleas shall have jurisdiction and power within their respective Counties to hear and determine all pleas, actions and suits, and causes, civil, personal, real and mixed, according to the Constitution and laws of this Commonwealth; and the said Courts shall have power to grant, under their judicial seals, all lawful writs and process necessary for the exercise of such jurisdiction: . . ."

The laws relating to plans for school district reorganization are purely statutory and must be strictly construed, and no rights may be assumed except those expressly given in the statute.

Not only does the law fail to provide for an appeal from the convention of the directors, as it did in section 2-295, but it went one step further and provided that the selection of its interim operating committee shall be final. From this wording it is obvious that the legislature intended this to be a "one time meeting", in order to get the reorganization underway with the least difficulty and without delay; it being noted that the act does provide a deadline for completion of the program. In view of the various appeals provided for in the Public School Code, we would not be presumptuous in assuming that the actions in connection with the selections of the interim operating committee should not be controverted in any way; for had the legislature so intended, provision would have been made for an appeal and review at the time this amendment was adopted into law.

The petition in this case did not aver fraud, only the irregularities mentioned therein. In the case of Wilson v. Blaine, 262 Pa. 367, 370, 371, which involved a bill in equity, and an injunction following an election for the purpose of increasing borough indebtedness, irregularities in the conduct of the election, but not fraud,

were averred. In affirming the lower court in dismissing the bill, the Supreme Court held as follows: (1) The statutes providing for the increase of municipal indebtedness did not provide any method for contesting the result of such an election. It must be presumed, therefore, that the return and certification of the result should not be controverted in any way; (2) "It is also in keeping with the general rule that in matters not in accordance with the . . . common law, no right can be exercised save such as is expressly given by the statute relating thereto".

In the case of Bell Appeal, 396 Pa. 592, 608, which involved the suspension of a police officer and was disposed of by the Superior Court and later on allocatur to the Supreme Court to determine whether the Superior Court had jurisdiction to review proceedings of the county court, the Superior Court order was vacated because the review was not authorized by statute. The Supreme Court held that where a right of appeal from the action of a lower court is not authorized by statute, or is expressly denied, or the statute provides that the action of the court below shall be final, the appellate court is without jurisdiction to review the proceedings of the lower court when the lower court's jurisdiction was final.

Esbenshade [and the School District of Lancaster] v. Department of Public Instruction, 181 Pa. Superior Ct. 232, is more on point. In that case, the decision of State Council of Education disapproving annexation was involved. The appeal was denied by the county court and appealed to the Superior Court which held: (1) "An examination of the School Code will reveal that no right of appeal from the action of the State Council was given in this type of matter, although in many other matters, it is expressly given. The argument is well founded that the legislature never intended and certainly did not give the right to appeal in

this type matter; (2) We therefore conclude that the appellants did not find their way to the lower court because of any act of the legislature giving them such right": later affirmed at 387 Pa. 281. We are of the opinion that the decision of the interim operating committee was final and in the absence of statutory authority under the Public School Code, this court does not have jurisdiction over the subject matter in the petition filed at the above number and term.

### ORDER

And now, November 15, 1965, after due and careful consideration, it is hereby ordered, adjudged and decreed that the within petition be, and the same is hereby dismissed at the cost of petitioners.